By the Court, Monell, J.
The defendant Dearborn was very properly adjudged to be in contempt. He had disobeyed a regular order of one of the justices of this court, by refusing or neglecting to appear and be examined in proceedings supplemental to an execution in the action.
Upon the motion for an attachment to punish such party, he produced a discharge from his debts, including the judgment in this action, granted under the insolvent act of this state. It was however ordered, that the attachment issue, unless the defendant appeared at chambers and submitted to an examination in such supplementary procedings.
I think the appellant correct in his view, that the validity of his discharge cannot be disposed of in this proceeding. There is no provision in the Code for submitting any question of fact arising thereon to a jury, and I think now, as formerly, the creditor must resort to his action. Therefore when the discharge is produced all further proceedings upon the examination should be suspended, until the determination of an actipn to be brought upon the judgment.
In this case, however, the defendant did not appear on the day named in the order, when he might have produced *146 his discharge and procured a suspension of the proceedings, but put himself in hostility to the order, and was subsequently, and very properly, adjudged to be in contempt. His discharge did not' purge this contempt, and the justice who heard the motion for an attachment, had the right to punish the defendant o.r to excuse him absolutely or conditionally. He saw fit to excuse him conditionally, by merely requiring him to appear in the proceeding for the purpose of being examined. The defend.ant ought not to have complained. The order was most lenient.
The order entered upon the motion required the defendant to appear and “submit to an examination.” The intention however as now understood, was merely to require a substantial .personal appearance in the proceeding, for the purpose of restoring jurisdiction in the justice who made the original order, which jurisdiction, failure to appear by the defendant, may have been lost. It was not intended to compel him to undergo an examination at all hazards. Therefore, upon the defendant’s appearing at chambers, and being sworn in the usual manner, he would have complied with the condition named in the order appealed from; and then upon presenting his discharge he might obtain a suspension of the proceedings and compel the plaintiff to sue upon the judgment, if he desired to dispute its validity.
With these explanations of the meaning of the order, there is no necessity for a modification of it.
Order affirmed.
Robertson, Ch. J. concurred,